**FILED**
CLERK, U.S. DISTRICT COURT

January 8, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA THOMPSON, | CASE NO. CV 16-00028-SJO (PJWx) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REMANDING CASE TO SUPERIOR COURT |
| v. | |
| JAMAR COLLINS, ET. AL., | |
| Defendants. | |

Before the Court is Defendant Jamar Collins' motion to proceed *in forma pauperis* ("IFP"). For the following reasons, the motion is DENIED and the action is remanded to the Los Angeles Superior Court.

On January 4, 2016, Defendant, proceeding *pro se*, lodged a Notice of Removal accompanied by a request to proceed IFP, seeking to remove this unlawful detainer action from state court. The Court has denied the IFP application under separate cover. To prevent this action from remaining in jurisdictional limbo, however, the Court also issues this Order, remanding the case back to the Superior Court.

Simply stated, because Plaintiff could not have brought this action in federal court in the first place, there is no basis to remove it. To the extent that Defendant is seeking to federalize the case by raising federal claims in his defense, he cannot do so. The Court considers only the claims raised in the Complaint to determine

whether there is federal jurisdiction and does not take into account any federal defenses or counterclaims Defendant raised (or could have raised). *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (explaining federal questions must be disclosed on the face of the complaint as a defendant's reply is not a basis for federal jurisdiction); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (explaining federal defense does not create federal jurisdiction if the complaint on its face does not present federal question).

Plaintiff's unlawful detainer action does not raise a federal question. *See* 28 U.S.C. § 1331. Additionally, the amount in controversy is less than $10,000 and Plaintiff and Defendant are California residents. *See* Civil Cover Sheet at 1. Thus, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332. For these reasons, the case is subject to remand. 28 U.S.C. § 1441(a); *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

Accordingly, IT IS ORDERED that: (1) this matter is REMANDED to the Superior Court of California, Long Beach Courthouse, 275 Magnolia Ave., Long Beach, California, 90802, (2) the clerk shall send a certified copy of this Order to the Superior Court and serve copies on the parties.

IT IS SO ORDERED.

DATED: January 8, 2016

*[signature: S. James Otero]*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\vcruz\AppData\Local\Temp\notesC7A056\IFP. denial.removal.unlawful detainer Thompson v Collins.wpd